[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10682

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HERBERT LENORRIS SMITH,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:13-cr-14047-JEM-5

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Herbert Smith pleaded guilty to two counts of Hobbs Act robbery and one count of possession of a firearm in furtherance of a crime of violence. Based in part on Smith's prior criminal history, which qualified him as a career offender under the U.S. Sentencing Guidelines, his Guidelines sentencing range was 262–327 months in prison. The district court varied downward and sentenced him to 204 months in prison, followed by five years' supervised release.

After serving almost 7 years of his 17-year prison sentence, Smith filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argued primarily that his sickle cell disease put him at high risk of severe illness or death if he were to contract COVID-19, and that prison conditions made it difficult or impossible to take appropriate precautions against the virus. He also argued that the sentencing factors in 18 U.S.C. § 3553(a) weighed in favor of his release, given the portion of his sentence already served; the unanticipated severity of any sentence of imprisonment during the COVID-19 pandemic; and his exemplary behavior, employment, and completion of educational courses in prison. Finally, he argued that his clean disciplinary record and positive interpersonal relationships in prison, strong family support, and the fact that his conduct would be monitored during his term of supervised release all showed that he did not pose a danger to the community.

The district court disagreed and denied his motion for compassionate release. The court considered the nature of Smith's offenses—bank robbery at gunpoint—and his history of 11 prior criminal convictions, including multiple drug and firearm convictions and a conviction for domestic battery against his mother, and found that Smith was ineligible for a sentence reduction under the compassionate release statute because he would pose a danger to the community. The court noted that Smith's representation that he would have strong family support after release was belied by the history of conflict with his mother and his statements at the time of sentencing indicating that he had no contact with any family members and was essentially homeless at the time of his last release from prison. The court also found that Smith's medical condition did not constitute an extraordinary and compelling reason for release under the statute and the relevant Sentencing Commission policy statement, despite the risk from COVID-19, and that Smith had failed to show that the § 3553(a) sentencing factors weighed in favor of his release.

Smith filed a motion for reconsideration, stating that he had recently contracted COVID-19 and had been hospitalized and treated with a blood transfusion (because of his sickle cell disease) before recovering. He reiterated his arguments regarding the risk from COVID-19 and his exemplary behavior in prison. The district court denied the motion, finding that Smith had not presented new law or evidence warranting reconsideration.

4                    Opinion of the Court                    21-10682

Smith now appeals the denial of his motion for compassionate release and his motion for reconsideration, arguing that the district court (1) applied the wrong legal standard by considering whether his medical condition constituted an "extraordinary and compelling" reason for his release under § 1B1.13 of the U.S. Sentencing Guidelines; (2) made factual errors concerning the severity of his medical condition; and (3) abused its discretion by failing to consider his reply brief, which was filed almost two months after the deadline set by the court and docketed after the court issued its order denying the motion for compassionate release.[1] Notably, Smith does not challenge the district court's finding that he would present a danger to the community if he were released.

That omission is fatal to his appeal. Under § 3582(c)(1)(A)(i), "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and, as relevant here, (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021); *see* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(2). If any one of the necessary

---

[1] We review a district court's determination about a defendant's eligibility for release under § 3582(c) de novo. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). We review a district court's ruling on an eligible defendant's motion for compassionate release for an abuse of discretion. *Id.* We also review the denial of a motion for reconsideration for an abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004).

conditions is not satisfied, the defendant is not eligible for compassionate release and the district court cannot grant his motion for a sentence reduction. *Tinker*, 14 F.4th at 1237–38.

Here, therefore, the district court's finding that Smith posed a danger to the community meant that he was ineligible for a sentence reduction under § 3582(c)(1)(A) and formed an independent ground for the denial of his motion for compassionate release— regardless of whether Smith presented extraordinary and compelling reasons for his release and whether or not the § 3553(a) factors weighed in his favor. *See id.* at 1238; *United States v. Bryant*, 996 F.3d 1243, 1254 (11th Cir. 2021) (if a defendant "is dangerous or if his circumstances do not match any of the four categories [in U.S.S.G. § 1B1.13], then he is ineligible for a reduction"). "When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Because the district court's finding that Smith posed a danger to the community was dispositive of his motion for compassionate release and Smith has not challenged that finding, we need not reach Smith's other arguments on appeal. We therefore **AFFIRM** the denial of Smith's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) without further discussion.

**AFFIRMED.**